UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Felix Lagoa,

                         Petitioner,                **MEMORANDUM & ORDER**
                                                        25-CV-06826 (DG)

        -against-

Mark Miller, *Superintendent N.Y.S. D.O.C.C.S.*,

                         Respondent.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

On November 4, 2025, *pro se* Petitioner Felix Lagoa, incarcerated at Green Haven

Correctional Facility in Stormville, New York, filed a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (the "Petition") in the United States District Court for the Southern

District of New York, challenging his conviction in New York State Supreme Court, Kings

County ("Kings County Supreme Court") for attempted murder in the second degree and robbery

in the first degree. *See* Petition ("Pet."), ECF No. 1.[1] On December 2, 2025, United States

District Judge Edgardo Ramos of the United States District Court for the Southern District of

New York ordered that the action be transferred to the United States District Court for the

Eastern District of New York. *See* December 2, 2025 Order, ECF No. 3. On December 11,

2025, the action was transferred into the United States District Court for the Eastern District of

New York. *See* ECF No. 4. On December 22, 2025, the Court issued an Order directing

---

[1] The filing at ECF No. 1 is comprised of a pre-printed petition form, which has been filled out, and various supporting documents. Although the filing date reflected on the docket is November 25, 2025, under the "prison mailbox rule," the operative date is November 4, 2025. *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001); Pet. at 71.

The Court liberally construes Petitioner's filings in light of Petitioner's *pro se* status. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Respondent to, by February 20, 2026, show cause why the Petition should not be granted. *See* December 22, 2025 Order to Show Cause. The December 22, 2025 Order informed Petitioner that he was not required to file a reply but should he choose to do so, his reply shall be filed by March 13, 2026. On February 20, 2026, Respondent filed a letter response to the December 22, 2025 Order, arguing that the Petition should be dismissed as untimely. *See* ECF No. 5. Petitioner did not file a reply. *See generally* docket.

The filing of the instant Petition followed the dismissal without prejudice of Petitioner's prior petition for writ of habeas corpus. As set forth in the Court's April 5, 2021 Memorandum & Order in *Lagoa v. Keyser* (the "April 5, 2021 Order"): On November 24, 2020, Petitioner initially filed a petition for writ of habeas corpus challenging the conviction at issue in the instant Petition; the Court concluded that the initial petition contained both exhausted and unexhausted claims, that Petitioner had not shown "good cause" for a stay, and that Petitioner would have sufficient time to refile his petition after his claims were exhausted; and the Court therefore dismissed the initial petition without prejudice to Petitioner refiling after his claims were exhausted in the state proceedings. *See generally Lagoa v. Keyser*, No. 20-CV-06069, 2021 WL 1254448 (E.D.N.Y. Apr. 5, 2021) (discussing, *inter alia*, procedural history of Petitioner's state court proceedings and relevant provisions of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), including one-year limitations period provided in 28 U.S.C. § 2244(d)(1) and statutory tolling provided in 28 U.S.C. § 2244(d)(2) as well as exhaustion requirement of 28 U.S.C. § 2254(b)(1)). The Court incorporates herein by reference the April 5, 2021 Order and assumes familiarity with the same.

Of particular relevance here, the April 5, 2021 Order set forth that Petitioner had filed a 440.10 motion in state court (the "440 motion"), which served to toll AEDPA's limitations

period; that the 440 motion was still pending as of the time of the April 5, 2021 Order; and that assuming that the 440 motion was properly filed on November 13, 2020 – *i.e.*, 137 days after Petitioner's conviction became final for AEDPA purposes on June 29, 2020 – Petitioner had 228 days remaining under AEDPA's statute of limitations. *See generally Lagoa*, 2021 WL 1254448. In dismissing the initial petition without prejudice to Petitioner refiling once his claims had been exhausted, the Court noted that "dismissal will not jeopardize the timeliness of a subsequent Section 2254 Petition" but expressly "caution[ed] Petitioner that, in light of AEDPA's statute of limitations, he should refile his Petition *without delay* once his exhaustion proceedings are complete." *See id.* at *5 (emphasis in original).[2]

Subsequent to issuance of the April 5, 2021 Order: (1) by Decision and Order on Motion to Vacate Judgment of Conviction dated August 23, 2021, the Kings County Supreme Court denied Petitioner's 440 motion; (2) following a grant of leave to appeal from the August 23, 2021 order, by Decision & Order dated November 27, 2024, the Supreme Court of the State of New York, Appellate Division, Second Department affirmed the denial; and (3) on January 31, 2025, Petitioner's application for leave to appeal the November 27, 2024 decision was denied by the New York Court of Appeals. *See* Pet. at 39-55 (ECF-generated pagination); *People v. Lagoa*, No. 2021-07112, 2021 WL 5175053 (2d Dep't Nov. 5, 2021); *People v. Lagoa*, 232 A.D.3d 910 (2d Dep't 2024); *People v. Lagoa*, 42 N.Y.3d 1080 (2025). As of January 31, 2025, Petitioner's 440 motion no longer was pending. *See Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009) (addressing meaning of "pending" as relevant here).

---

[2] It was not necessary for purposes of the April 5, 2021 Order for the Court to determine whether the 440 motion was properly filed earlier than November 13, 2020 but the Court did note in the April 5, 2021 Order that the Respondent had taken the position that the 440 motion was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) until November 13, 2020. *See Lagoa*, 2021 WL 1254448, at *1 n.3, *4 n.5.

For the reasons set forth below, the instant Petition is dismissed as time-barred.

**DISCUSSION**

Here, Petitioner filed the instant Petition after the deadline for filing a timely petition had passed – even accounting for statutory tolling based on the 440 motion – and Petitioner has not demonstrated – nor does the record otherwise reflect – that equitable tolling applies here. Accordingly, the Petition must be dismissed as time-barred.

I.      **Applicable Law**

As set forth in the April 5, 2021 Order – which as noted above is incorporated herein by reference – as relevant here, AEDPA provides for a one-year statute of limitations. *See Lagoa*, 2021 WL 1254448, at *2 (citing 28 U.S.C. § 2244(d)(1)(A)). Also as set forth in the April 5, 2021 Order, the one-year limitations period can be statutorily tolled, including by way of a properly filed 440.10 motion. *See id.* at *2, *4 (citing, *inter alia*, 28 U.S.C. § 2244(d)(2)). And, even where not statutorily tolled, the statute of limitations may be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, the United States Court of Appeals for the Second Circuit has "clearly stated that the AEDPA limitations period will only be [equitably] tolled in 'rare and exceptional circumstance[s].'" *See Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (second alteration in original) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). To qualify for equitable tolling, a habeas petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland*, 560 U.S. at 649). The petitioner is required to "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting

4

with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *see also Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010). "The term 'extraordinary' does not refer to the uniqueness of the petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Bolarinwa*, 593 F.3d at 231-32 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

## II.     The Petition Is Time-Barred

As Respondent correctly notes, *see* ECF No. 5 at 2 & n.1; ECF No. 5 at 6 (ECF-generated pagination) – and as Petitioner does not appear to contest in connection with the instant Petition, *see generally* Pet.; docket – Petitioner properly filed his 440 motion on November 13, 2020 – *i.e.*, 137 days after his conviction became final for AEDPA purposes on June 29, 2020. Accordingly, Petitioner had 228 days remaining under AEDPA's statute of limitations and therefore could have timely filed a petition at any time within 228 days after the 440 motion proceedings were complete – *i.e.*, within 228 days after January 31, 2025. Petitioner, however, did not file the instant Petition until November 4, 2025, which was 277 days after January 31, 2025. And Petitioner has not demonstrated (or even asserted) – nor does the record otherwise reflect – that equitable tolling applies here. Notably, in the portion of the pre-printed petition form calling for Petitioner to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [his] petition," Petitioner states only "none of the above." *See* Pet. at 12-13 (ECF-generated pagination). Also notably, Petitioner did not file any reply to Respondent's response to the Court's Order of December 22, 2025, which response principally addressed the untimeliness of the Petition. *See generally* docket.

The Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).[3]

### CONCLUSION

For the foregoing reasons, the Petition, ECF No. 1, is DISMISSED as time-barred.

The Court will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).

Petitioner, however, has a right to seek a certificate of appealability from the United States Court

of Appeals for the Second Circuit.  *See* 28 U.S.C. § 2253(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of

an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this

Order to Petitioner.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated:  June 24, 2026
    Brooklyn, New York

---

[3] Although the Second Circuit has recognized that a "credible and compelling showing of actual innocence" warrants an "equitable exception to AEDPA's limitation period," *see Rivas v. Fischer*, 687 F.3d 514, 518, 547-48, 552 (2d Cir. 2012); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"); *Alke v. Artus*, No. 15-CV-02677, 2016 WL 4186965, at *4 (E.D.N.Y. Aug. 8, 2016), such exception is not available to Petitioner here, where Petitioner has not made a credible and compelling showing of actual innocence, *see generally* Pet.; *see also* Pet. at 39-51 (ECF-generated pagination) (Kings County Supreme Court decision on Petitioner's 440 motion, in which court noted that Petitioner's claim of actual innocence "is without merit," that Petitioner "failed to allege facts that support" that claim "or that warrant an evidentiary hearing," that there was "overwhelming evidence of guilt," and that the court "does not credit any allegation made personally by [Petitioner] that are not independently corroborated"); *McQuiggin*, 569 U.S. at 386 ("caution[ing] . . . that tenable actual-innocence gateway pleas are rare").

6